IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**WALTER C. SMITH, III,**

    **Defendant.**                                                 **Case No. 06-cr-30070-DRH**

<u>**ORDER**</u>

**HERNDON, District Judge:**

        A hearing on defendant Walter C. Smith, III's Motions to Suppress (Docs. 19 & 69) was scheduled for today, December 19, 2006.  However, Smith's counsel and the Government have brought to the Court's attention that there exists a videotaped statement of a witness, critical to Smith's Motions to Suppress, which neither party has viewed, as it is currently in possession of the Bond County, Illinois Prosecutor's Office.  Both parties believe it to be in the interests of justice that this videotape be viewed prior to conducting the suppression hearing, given the possibility that it may contain material evidence, supportive of either party's advocative position.  Thus, an oral Motion to Continue the Suppression Hearing was made, which the Court granted, continuing the suppression hearing until Thursday, January 11, 2007 at 9:30 a.m., in order to allow the parties to obtain and view the videotape and fashion their arguments accordingly.

        The continuance of the Suppression Hearing now conflicts with the

current trial date in this matter – January 8, 2007. Conscious of this conflict, Smith's counsel has made an oral Motion to Continue Trial, to which the Government does not oppose. This continuance, clearly, stems from the need to continue the Suppression Hearing in order to obtain and view the videotape. Smith's counsel asserts that a further continuance of the trial date is necessary and in Smith's best interests in order to allow the parties to fully litigate the suppression issues prior to trial. The Government also believes that the prosecutorial interest in obtaining all the information necessary regarding Smith's Suppression Motions outweighs the public interest in obtaining a speedy trial.

As stated in a previous continuance Order in this case, Smith has a right to have his pending pre-trial motions argued at a hearing so that the Court may resolve these motions upon the merits prior to trial. Proceeding without allowing the parties the chance to view the videotape (and, as a result, leaving Defendant without the opportunity to adequately prepare his defense) would also result in a miscarriage of justice. A tentative new trial date was proposed by the Court. After conferring with his counsel, Smith agreed to this new trial date, stating to the Court that he understood the continuance would amount to excludable time under the Speedy Trial Act.

For these reasons, the Court finds that a continuance is necessary in order to avoid a miscarriage of justice. Therefore, the Court being fully advised in the premises also finds, pursuant to **18 U.S.C. § 3161(h)(8)(A)**, that the ends of justice served by the granting of such continuance outweighs the best interests of the

public and Defendant in a speedy trial.  Therefore, the Court **GRANTS** Smith's oral Motion to Continue, made on December 19, 2006, and hereby **CONTINUES** the jury trial scheduled for Monday, January 8, 2007 at 9:00 a.m. to **Monday, March 26, 2007 at 9:00 a.m.**  The time from the date the oral Motion was made, December 19, 2006, until the date to which the trial is rescheduled, March 26, 2007, is excludable time for the purposes of speedy trial.

Additionally, on November 27, 2006, the Court entered an Order (Doc. 68), granting Motions to Continue Trial (Docs. 65 & 66), made by co-defendants Cora Williams and John Crockran, who became party defendants later in this case by way of Superceding Indictment (Doc. 29).  The Court continued their trial to January 8, 2007 at 9:00, so that all three Defendants would then be tried on the same date.  So as to avoid any potential confusion, the Court now clarifies that this Order continuing trial until March 26, 2007, applies to all three Defendants in this matter and that the excludable time count also applies to Smith's two Co-Defendants, as there has been no severance granted.

**IT IS SO ORDERED.**

Signed this 19th day of December, 2006.

/s/          David    RHerndon
**United States District Judge**