IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**WALTER C. SMITH, III,**

**Defendant.**                                              No. 06-CR-30070-DRH-1

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Smith's motion to reduce sentence (Doc. 262). Smith moves the Court to reduce his sentence because of alleged discrepancies in his presentence investigation report completed prior to his 2006 sentencing. The jury convicted Smith of seven counts of possession with intent to distribute cocaine base and one count of conspiracy to possess with intent to distribute cocaine and cocaine base. The Court sentenced him to life terms for three counts and 360 months' imprisonment for the remaining five counts, all to run concurrently (Doc. 191). Based on the following, the Court dismisses his motion for want of jurisdiction.

Once a district court enters final judgment, it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor

files an appropriate motion or the court of appeals remands.  Second, a Rule 33 motion for new trial based on new evidence must be brought within three years fter the verdict or finding of guilty. A Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty.  Lastly, a collateral attack under 28 U.S.C. § 2255 has a one year statute of limitations.

In this case, Smith's motion is untimely, as it comes six years after his sentence was imposed. Rule 35 is inapplicable because defendant's motion comes well over 14 days after his sentencing (February 14, 2008), and it does not seek to correct arithmetical, technical, or other clear errors. Also, the court of appeals has not remanded this matter for resentencing and the government made no motion for resentencing. Likewise, Rule 33 does not apply because the motion does not address any newly discovered evidence, and it was not filed within 14 days of the finding of guilty to be timely brought based on other reasons.  Therefore, the only possible procedural avenue that Smith could use to bring this motion is a § 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).

However, Smith previously filed a 2255 with the Court on July 19, 2010, that was dismissed with prejudice. See *Smith v. USA,* 10-cv-00536-DRH. Before a second or successive 2255 motion may be filed in the district court, a defendant must move in the Seventh Circuit Court of Appeals for an order authorizing the filing of said successive motion. *See* 28 U.S.C. § 2255 ¶ 8,

CTA7 Rule 22.2. The court of appeals has not authorized Smith's filing of the motion to reduce sentence.

Because the Court finds that Smith's motion does not fall under any of the abovementioned exceptions, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Smith's motion to reduce sentence (Doc. 262).

**IT IS SO ORDERED.**

Signed this 10th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.10 07:05:27 -05'00'

**Chief Judge**
**United States District Judge**